DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Dale Beam ("Beam"), appeals from the decision of the Lorain County Court of Common Pleas denying Beam's motion for leave to withdraw his guilty plea. We affirm.
 I.
On August 30, 1995 Beam was indicted on one count of rape, in violation of R.C. 2907.02(A)(2), and two counts of felonious sexual penetration, in violation of R.C. 2907.12(A)(2). On June 4, 1996 Beam entered a plea of guilty to all counts contained in the indictment. The trial court sentenced Beam accordingly.
On March 24, 1999, Beam filed his first motion to withdraw his guilty plea. The trial court denied Beam's motion on May 6, 1999. He appealed from the May 6, 1999 decision, and this court affirmed the trial court's decision. See State v. Beam (Jan. 24, 2001), Lorain App. No. 99CA007365, unreported. On June 26, 2001, Beam filed a successive motion for leave to withdraw his guilty plea. The trial court denied this motion on June 29, 2001. It is this denial from which Beam now appeals, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR The trial court erred and abused its discretion by denying appellant's motion for leave to withdraw plea, where appellant demonstrated his actual innocence and presented good cause for granting leave to withdraw the plea.
In his sole assignment of error, Beam contends that the trial court abused its discretion when it denied his successive motion for leave to withdraw his guilty plea. We disagree.
Crim.R. 32.1 governs the withdrawal of guilty pleas. It provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Crim.R. 32.1. A defendant who seeks to withdraw a guilty plea after his sentence is imposed must demonstrate a manifest injustice. State v.Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. However,
 [w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158, 160. Similarly, if a defendant files a motion to withdraw a guilty plea after the expiration of time for a direct appeal and alleges a constitutional violation as its basis, the motion must be treated as one for postconviction relief under R.C. 2953.21. State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported, at 4; State v. Alvarez (June 28, 2000), Lorain App. No. 00CA007544, unreported, at 3.
In this case, Beam was convicted and sentenced in June 1996. The time for a direct appeal of that conviction has long passed. Beam now asserts that his constitutional rights were violated in the trial court. Thus, his motion for leave to withdraw his guilty plea, despite its caption, meets the definition of a motion for postconviction relief pursuant to R.C. 2953.21(A)(1). See State v. Alvarez (June 28, 2000), Lorain App. No. 00CA007544, unreported, at 3.
A court is precluded from addressing successive petitions for similar postconviction relief and those that are untimely. R.C. 2953.21(A). R.C.2953.21(A)(2) provides that where a direct appeal of a conviction has been made, a postconviction relief petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" If a direct appeal is not filed, the defendant must file the petition "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).
If a petitioner files a petition for postconviction relief beyond the mandated time, he must first demonstrate to the court that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or, subsequent to the appeal period, the United States Supreme Court recognized a new right to be applied retroactively to those in his position. R.C. 2953.23(A). The petitioner must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. Id. The same threshold standard is applied for successive postconviction relief petitions. Id.
In this case, Beam was convicted and sentenced in 1996. He filed his first motion to withdraw his guilty plea in March of 1999, almost three years after his conviction and sentencing. In the March 1999 motion, Beam argued violations of his constitutional rights. See State v. Beam (Jan. 24, 2001), Lorain App. No. 99CA007365, unreported, at 2. Thus, Beam's first motion to withdraw his guilty plea was a petition for postconviction relief. Therefore, the motion that is the subject of this appeal is a successive petition for similar postconviction relief.
Beam filed this successive motion in June of 2001, long after the time for postconviction relief had run. As a result, Beam's June, 2001 motion was both a successive petition for similar postconviction relief and an untimely petition for postconviction relief. Beam does not argue the existence of either of the exceptions mentioned in R.C. 2953.23(A) governing late or successive petitions. Accordingly, the trial court was precluded from addressing Beam's petition on its merits. Therefore, Beam's assignment of error is overruled.
 III.
Having overruled Beam's sole assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., CARR, J. CONCUR.